UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                              CASE NO. 2:09-mc-50701
                              JUDGE DAVID M. LAWSON
                              MAGISTRATE JUDGE PAUL J. KOMIVES

      v.

JAMES W. KERN,

      Defendant,

      v.

CURT ANTHONY REDINGER,

      Garnishee.
_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S REQUEST FOR HEARING ABOUT THE GARNISHMENT AND CLAIM FOR EXEMPTIONS**
**(Doc. Ent. 3)**

**I.     RECOMMENDATION:** The Court should enter a garnishee order limited to the amount of restitution and/or interest in accordance with the November 1, 2007 amended judgment. Furthermore, the Court should require the government to file a statement of credits or an affidavit from an appropriate official detailing how much has been recovered from the taxpayers.

**II.     REPORT:**

**A.     *United States of America v. James Kern*, Case No. 2:07-cr-20229-DML-PJK**

On April 30, 2008, James Kern was charged with one count of assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2). Kern's May 14, 2007 Rule 11 Plea Agreement provides in part that "[r]estitution is not applicable to this case." Doc. Ent. 5

at 5. With respect to relevant conduct, the agreement states that "[t]he Defendant's preparation of 51 tax returns wherein improper deductions were claimed for a total tax loss of $115,869.00." Doc. Ent. 5 at 3-4.

Kern was sentenced on October 1, 2007. During the sentencing hearing, the Court clarified:

> Mr. Kern, as he stands convicted, and because I have to order restitution, he has the obligation to pay this, but he will enjoy credit by others against that sum. So an insurance policy is something, I think, that backs up a liability if the primary obligor can't pay, but he does not serve as a backup, he is the primary obligor here; he is just being able to realize a credit against that payment, which is why I asked you a question about the mechanics, because I understand you are quite limited in your ability to learn how much of that credit is coming through and if it's being credited, so that's why I'm instructing the Government to work with you on that and also the Probation Department.

Case No. 2:07-cr-20229-DML-PJK (Doc. Ent. 14 at 22).

On November 1, 2007, Judge Lawson entered an amended judgment with respect to Kern's conviction. Pursuant to that judgment, Kern was required to pay an assessment of $100[1] and restitution in the amount of $115,869.00. Doc. Ent. 13. Specifically, the amended judgment provided that "[r]estitution is ordered in the amount of $115,869.00 to be joint and several with co-defendant."[2] Doc. Ent. 13 at 3. The amended judgment also provided that "[t]he defendant shall pay $115,869.00 to the IRS. Restitution will be credited to the amount paid by the tax payers-periodic audits shall be performed by the IRS." Doc. Ent. 13 at 5.

Kern was represented in the criminal matter by attorney Thomas W. Cranmer. On or about February 15, 2008, attorney Cranmer wrote to Assistant United States Attorney (AUSA) Alan M. Gershel, stating in part, "it does not appear that any efforts have yet been made to

---

[1] According to the government, Kern "has paid the special assessment." Doc. Ent. 8 at 2.

[2] According to the government, Redinger is Kern's co-defendant. Doc. Ent. 8 at 2.

recover the appropriate tax amount from the taxpayers themselves." Attached to Cranmer's letter was a copy of a February 4, 2008 United States Department of Justice Administrative Offset Notice that Kern's balance due was $116,562.18.[3]

**B.     Bankruptcy Proceedings**

**1.**     On August 19, 2008, debtor Curt Anthony Redinger filed a Chapter 7 voluntary petition. Case No. 08-60170-PJS (E.D. Mich.).  On May 4, 2009, Judge Shefferly entered an order of discharge under 11 U.S.C. § 727.

**2.**     On November 26, 2008, after Redinger filed his Chapter 7 voluntary petition but before Judge Shefferly entered the order of discharge, plaintiffs James Kern and Mary Weyn filed an adversary proceeding against defendant Redinger.  A consent judgment for plaintiffs and against Defendant was entered on May 1, 2009 by Judge Shefferly.  It provided that Mary J. Weyn and James W. Kern "shall receive a nondischargeable judgment against [Redinger], pursuant to 11 USC §523(a),[[4]] in the amount of Two Hundred Twenty Five Thousand Dollars and 00/1000 ($225,000.00) at 4% simple interest per annum[.]" Case No. 08-05568-PJS (E.D. Mich.).[5]

**C.     The Instant Application for Writ of Continuing Garnishment**

On June 6, 2009, Kern wrote to Joseph Boley (apparently an I.R.S. Special Agent) regarding the amount collected by the IRS.[6]  Shortly thereafter, on June 16, 2009, the

---

[3]Attorney Cranmer provided the Court with a copy of his letter and enclosure during the August 4, 2009 hearing.

[4]11 U.S.C. § 523 is a portion of the Bankruptcy Code which concerns "[e]xceptions to discharge[.]"

[5]On July 21, 2009, defendant filed a motion to dismiss plaintiff's action under 11 U.S.C. § 727.

[6]Kern provided the Court with a copy of this letter on August 4, 2009.

3

government filed the instant application for writ of continuing garnishment as to garnishee Redinger (Redinger-Maritime Tax & Accounting, Inc.). Doc. Ent. 1. The Clerk's notice of garnishment is dated June 16, 2009. Doc. Ent. 1 at 3-5. The writ of continuing garnishment is also dated June 16, 2009. Doc. Ent. 1 at 6-8.

On June 21, 2009, Kern wrote to the Clerk of this Court to request a hearing. Doc. Ent. 3 at 2. On June 25, 2009, Kern requested a hearing about the garnishment and claim for exemptions. Doc. Ent. 3. Kern seeks to establish whether the garnishment is legal. Doc. Ent. 3 at 2. Judge Lawson has referred this case to me to conduct a hearing and enter a report and recommendation on whether a garnishee order should enter. Doc. Ent. 5.[7]

On July 1, 2009, garnishee Redinger filed an answer which notes his anticipation of owing Kern $2,000 per month based upon a $225,000 bankruptcy court consent judgment in Case No. 08-60170-PJS. Doc. Ent. 6. The government has filed a response in which it represents that "Defendant does not believe that he has any obligation to pay the ordered restitution. Therefore, because Defendant does not believe he has a debt, he believes that the United States' attempts to enforce payment of the debt [are] illegal." It is the government's position that "Defendant is simply incorrect in his belief that he has no obligation to pay for the loss he caused by his wrongdoing." Doc. Ent. 8 at 2. According to the government, "[a]s there are no exemptions available to protect any portion of the payments due under the judgment, then 100% of the amount due Defendant is subject to the writ." Doc. Ent. 8 at 2-3.

---

[7]A copy of this order was sent to Kern at 7742 Charmwood Way, Knoxville, TN 37938. However, it was returned to the Court with a notation that the forwarding time to 6712 Water Lilly Way, Knoxville, TN 37918 had expired. Doc. Entries 7 and 9. The docket currently reflects 6712 Water Lily Way as Kern's address of record.

A hearing on this matter was scheduled for August 4, 2009.  Doc. Ent. 10.  On the date set for hearing, Kern and AUSA Jacqueline M. Hotz appeared in Court.  Also present in the courtroom was attorney Thomas W. Cranmer.  Although I was not in the office that day, Magistrate Judge Donald A. Scheer took the bench for the purpose of making the parties' arguments part of the record.[8]

**D.     Analysis**

**1.**     The Federal Debt Collection Procedures Act (FDCPA) is codified at 28 U.S.C. §§ 2044, 3001-3015, 3101-3105, 3201-3206, 3301-3308.  The government's application for writ of continuing garnishment is based upon 28 U.S.C. § 3205(b)(1).  Doc. Ent. 1 at 1.  Section 3205 provides, in pertinent part:

> The United States shall include in its application for a writ of garnishment--
>
> (A) the judgment debtor's name, social security number (if known), and last known address;
>
> (B) the nature and amount of the debt owed and the facts that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due; and
>
> (C) that the garnishee is believed to have possession of property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest.

28 U.S.C. § 3205(b)(1).  By its application for writ of continuing garnishment, the government requests that the clerk of this Court "issue a Writ of Garnishment upon the judgment entered against the defendant, James W. Kern[.]"  Doc. Ent. 1 at 1.

**2.**     It is Kern's position that he was to "aid the I.R.S. in [their] attempts to collect the

---

[8]I have ordered a copy of this transcript, which will be filed so that it is available for review by Judge Lawson.

5

$115,000." Kern claims to "have contacted the I.R.S. on numerous occasions to see if they needed [Kern], but [his] calls were never returned." Kern also claims that "the I.R.S. has been auditing the deputy sheriffs and ha[s] been settling the cases." Kern "would also like to know how much has been collected so that [his] $115,000 would be adjusted." Doc. Ent. 3 at 2.

However, the government argues that the writ of garnishment is proper. Doc. Ent. 8 at 3-5. Among other statutes, the government relies upon 18 U.S.C. § 3664, which governs the "[p]rocedure for issuance and enforcement of order of restitution[.]" In pertinent part, it provides:

> (j)(1) If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.
>
> (2) Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in--
>     (A) any Federal civil proceeding; and
>     (B) any State civil proceeding, to the extent provided by the law of
>     the State.

18 U.S.C. § 3664(j). The government claims that Section 3664(j)(2) "is to prevent a potential double recovery of the loss amount by a victim in a criminal case." Doc. Ent. 8 at 3.

With respect to objecting to a garnishment, the government cites the following portion of 28 U.S.C. § 3202 ("Enforcement of judgments"):

> By requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing, the judgment debtor may move to quash the order granting such remedy. The court that issued such order shall hold a hearing on such motion as soon as practicable, or, if so requested by the judgment debtor, within 5 days after receiving the request or as soon thereafter as possible. The issues at such hearing shall be limited--

> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to--
>
> (A) the probable validity of the claim for the debt which is merged in the judgment; and
>
> (B) the existence of good cause for setting aside such judgment.
>
> This subparagraph shall not be construed to afford the judgment debtor the right to more than one such hearing except to the extent that the Constitution or another law of the United States provides a right to more than one such hearing.

28 U.S.C. § 3202(d); Doc. Ent. 8 at 3.

In support of its argument that "Defendant is improperly attempting to collaterally attack the judgment[,]" the government cites 18 U.S.C. § 3572(d)(1), noting that "[r]estitution is due in full, immediately unless the Court provides for payment on a date certain or in installments." Doc. Ent. 8 at 4. The "criminal monetary penalties" and "additional terms for criminal monetary penalties" portions of the amended judgment do not contain "payment plans." Doc. Ent. 13 at 4-5.

According to the government, "[t]he provision of the judgment that provides for the credit of payments made by third parties is merely a restatement of the statutory provisions already found in Title 18." Doc. Ent. 8 at 4. The government claims that the IRS "is to provide the United States Attorney with information as to the total amount of tax collected from the pool of individual taxpayers involved in this scheme." The government further claims that "[a]s of the date of the writ of garnishment in this case, the [IRS] had not provided any information that would reduce the total amount due from Defendant." Doc. Ent. 8 at 4.

With respect to joint and several liability, the government states that "[t]o the extent that the victim [IRS] has other avenues of collection for this debt, and recovers a portion of the loss from those avenues, then the amount of restitution will be reduced." Doc. Ent. 8 at 4-5. However, it notes, "if the [IRS] is unsuccessful in collecting the loss amount from any other avenue, then [Kern] and Redinger are still personally liable for the full amount of the restitution." Doc. Ent. 8 at 5.

In the end, the government claims that it has not been informed by the IRS that "a full recovery of the loss has been obtained. Accordingly, there is no basis to quash the garnishment nor is there any basis to allow Defendant to avoid his share of the burden of loss that he helped to create." Doc. Ent. 8 at 5.

**3.**     Kern was the first to speak at the August 4, 2009 hearing. He represented that he is broke; he has incurred extensive legal fees; and he still owes Cranmer approximately $15,000. He agreed to help the IRS collect taxes and attempted to do so. He has been living on social security since February 2007. Redinger owes Kern money from the purchase of Kern's business. Kern wants to know how much the IRS has collected; how much he still owes or why he owes anything.

Attorney Cranmer spoke, focusing on the "joint and several" and "credit" aspects of the amended judgment. Cranmer stated he did not get a response to his February 15, 2008 letter. However, Cranmer thought he spoke to Agent Boley after this date.

AUSA Hotz stated that the language of the amended judgment tracks the language of 18 U.S.C. § 3613 ("Civil remedies for satisfaction of an unpaid fine"). She also stated that the amended judgment does not waive the provisions of 26 U.S.C. § 6103 ("Confidentiality and

disclosure of returns and return information"). She further stated that the IRS has not collected money from the taxpayers to date.

AUSA Hotz then made some comments in response to Kern's question about the potential for overpayment. AUSA Hotz explained that Kern's restitution amount of approximately $115,000 does not mean that this is the most that the IRS can recover from the taxpayers. In other words, she explained that civil tax liability does not necessarily equal criminal tax liability. She further stated that Kern's restitution payments will be put toward the taxpayer liabilities so that the individuals will not have to pay as much. According to AUSA Hotz, there will be no windfall, because Kern's payments will be allocated to the taxpayers as they pay the IRS. She also stated that the restitution will reduce the amount the IRS is forced to collect from third-party taxpayers, and there will be no refund to Kern, because the IRS will be made whole. Counsel for the government contended that the issue of whether Kern can go to the taxpayers to recover is not before the Court.

It is the government's position that, until the IRS is made whole, Kern must pay the restitution amount. The government requests that the Court enter an order requiring Redinger to pay the money he owes to Kern to the Clerk of this Court until Kern's restitution is satisfied.

**4.** Having considered the record evidence, the arguments of plaintiff, counsel for the government and plaintiff's criminal defense counsel, I conclude that the Court should enter a garnishee order.

As an initial matter, the Court should consider plaintiff's August 4, 2009 reference to the May 14, 2007 plea agreement's provision that "[r]estitution is not applicable to this case." Doc. Ent. 5 at 5. Fed. R. Crim. P. 11 governs pleas. With respect to plea agreement procedure, Rule

11 provides in part:

> An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:
>
> (A) not bring, or will move to dismiss, other charges;
>
> (B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court); or
>
> (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).[9]

Fed. R. Crim. P. 11(c)(1).  With respect to judicial consideration of a plea agreement, Rule 11 provides:

> (A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
>
> (B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.

Fed. R. Crim. P. 11(c)(3).  To the extent, if at all, Kern argues that the amended judgment's inclusion of the restitution requirement is not consistent with the plea agreement, I agree with Magistrate Judge Scheer's statement that if the judgment was significantly different from the

---

[9]The plea agreement provides that "[p]ursuant to Rule 11(c)(1)(C), the government makes a non-binding recommendation that the sentence of imprisonment may not exceed the top of the sentencing guideline range[.]" Doc. Ent. 5 at 4 ¶ 3A.

plea agreement, it was a matter to be resolved at the time judgment was entered or on appeal. Furthermore, I am not aware of any post-conviction motion by Kern to amend the amended judgment. *See*, *i.e.*, *United States v. Green*, 543 F.Supp. 556 (D. Nev. 1982) (Fed. R. Crim. P. 35 motion for reduction or modification of sentence).

Therefore, the Court must look to the November 1, 2007 amended judgment. In so doing, the Court should consider Kern's and the government's obligations, if any, therein. There is no question that Kern was ordered to pay restitution "in the amount of $115,869.00 to be joint and several with co-defendant." Doc. Ent. 13 at 3. There is also no question that Kern was ordered to "pay $115,869.00 to the IRS." Doc. Ent. 13 at 5. Therefore, the Court should enter a garnishee order limited to the amount of restitution and/or interest in accordance with the November 1, 2007. In other words, because the garnishee owes Kern more than Kern's restitution, the garnishment should cease once Kern's obligation is satisfied.

However, the analysis cannot end here, because there is some debate about the interpretation of the amended judgment's phrase, "[r]estitution will be credited to the amount paid by the tax payers-periodic audits shall be performed by the IRS." Doc. Ent. 13 at 5. As written, the statement fairly dictates that any amount of restitution (paid by Kern) will be credited to the tax payers' obligations.

However, this does not appear to have been the Court's or Kerns's interpretation. As Judge Lawson said at the October 1, 2007 sentencing hearing, Kern is "quite limited in [his] ability to learn how much of that credit is coming through and if it's being credited, so that's why I'm instructing the Government to work with [Kern] on that and also the Probation Department." Case No. 2:07-cr-20229-DML-PJK (Doc. Ent. 14 at 22). Kern's June 21, 2009 letter states that

11

he "would . . . like to know how much has been collected so that [his[ $115,00 would be adjusted."  Doc. Ent. 3 at 2.

This debate is not clarified by the government's pleadings, as its interpretation of the amended judgment's "credit" provision is somewhat inconsistent.  I note that the government's July 20, 2009 brief states that "the amount of restitution that Defendant must pay is to be reduced by the amount of *tax* collected by the [IRS] from the pool of taxpayers that participated in the scheme to defraud the United States."  Doc. Ent. 8 at 4 (emphasis in original).  However, as noted above, there is also the government's August 4, 2009 discussion that there is no chance of a windfall, because Kern's payments will be allocated to the taxpayers as they pay the IRS.

Assuming that the November 1, 2007 amended judgment was intended to provide that any amount paid by the tax payers would be credited to Kern's restitution, i.e., an interpretation consistent with the Court's sentencing hearing and Kern's June 21, 2009 letter, the government's right to garnish would be limited to the amount of the restitution less any amount that the government has received from the taxpayers.  Accordingly, even though government counsel represented at oral argument that no taxpayer money has yet to be recovered, Kern is entitled to a statement of credits or an affidavit from an appropriate official detailing how much, if any, has been recovered.  Therefore, in addition to entering a garnishee order, the Court should require the government to file such a document.

I acknowledge the government's representations that "[t]he civil tax liabilities of the individuals involved in this case are not before this court[,]" and "[b]ecause of the confidentiality provisions of the [IRS], the [IRS] can provide only limited information about the potential recovery of the restitution from the individual taxpayers."  Doc. Ent. 8 at 4.  I also acknowledge

12

government counsel's August 4, 2009 representation that the provisions of 26 U.S.C. § 6103 have not been waived. However, the amended judgment requires the IRS to perform periodic audits. Therefore, the Court may provide that any information necessary to illustrate the IRS's compliance with this provision of the amended judgment may be filed under seal, subject to in camera review, etc.

Finally, my recommendation is not effected by Kern's August 4, 2009 representation that he is living on social security. If Kern is arguing that garnishment of the full $2,000 per month payment would create a hardship, then he should submit a financial affidavit or like document substantiating this claim. *See, i.e.*, 28 U.S.C. § 3014 ("Exempt property"); *United States v. Gaudet*, No. 89-523, 2004 WL 2367734, *2 (E.D. La. Oct. 20, 2004) ("the Gaudets bear the burden of persuasion on the applicability of an exemption. 28 U.S.C. § 3014(b)(2). Therefore, since the Fifth Circuit upheld the restitution order and Stanley Gaudet and Audrey Gaudet did not provide any explanation in their claims of exemption, the Writ of Continuing Garnishment asking this Court to direct LUCPF to remit the funds held in Gaudet's pension funds is granted.").

### III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that

raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated 8/14/09

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on August 14, 2009.

s/Eddrey Butts
Case Manager