UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 09-50701
                                                Honorable David M. Lawson
v.                                                Magistrate Judge Paul J. Komives

JAMES W. KERN,

        Defendant,

v.

CURT ANTHONY REDINGER,

        Garnishee defendant.
_____/

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION REGARDING GOVERNMENT'S REQUEST
FOR WRIT OF CONTINUING GARNISHMENT**

      This matter is before the Court on the government's application for a writ of periodic garnishment and defendant James W. Kern's objections and request for a hearing. On August 14, 2009, Magistrate Judge Paul J. Komives filed a report recommending that the Court allow the writ to issue and order the government to provide a statement of amounts recovered from taxpayers that would offset Kern's restitution obligation. Kern filed timely objections to the report and recommendation, and the government responded. The government also filed statements of amount collected from taxpayers on September 9, 2009 and March 15, 2010.

      The present dispute arises from Kern's conviction of assisting in the preparation of false income tax returns in violation of 26 U.S.C. § 7206(2). Kern operated a tax preparation business and assisted taxpayers employed as state law enforcement personnel in preparing their federal income tax returns. It was alleged that the defendant regularly inflated Schedule A deductions for

charitable contributions and Schedule C deductions for unreimbursed travel and other work-related expenses, thereby understating tax liability on the returns. In many of the cases, the taxpayers were complicit in the misconduct.

As part of the sentence imposed on October 1, 2007, the Court ordered restitution in the amount of the tax loss of $115,869. However, the Court also ordered that the defendant receive credit against the restitution figure for the amount recovered from the taxpayers, who originally owed the income tax. An amended judgment was entered on November 1, 2007 that was intended to clarify that point.

Kern had a partner in the tax preparation business, Curt Anthony Redinger, to whom he sold his interest in the business under an agreement that provided for installment payments. Redinger also was involved in the scheme to understate their clients' tax obligations, and he was convicted, sentenced, and ordered to pay restitution. Redinger filed for bankruptcy protection, but his debt to Kern is memorialized in a nondischargeable consent judgment in favor of Kern in the amount of $225,000. Redinger pays Kern $2,000 per month on that judgment. The government seeks to divert that payment to itself by the writ of garnishment for which it now petitions.

Under the Federal Debt Collection Procedures Act, the government may collect the restitution owed by means of a writ of continuing garnishment. 28 U.S.C. §§ 3001, 3205(b)(1). Kern has argued in his papers that he is impoverished and his only income comes from Social Security. He also contends that he is not primarily responsible for the tax loss in this case.

The latter argument is untenable. Kern facilitated the underpayment of income tax, and he has been ordered to pay restitution. On the other hand, it was the Court's intention to mollify the impact of that obligation by requiring the government to look to the taxpayers — who have the

primary obligation to pay the tax — for collection of the amounts owed. Based on the statements filed through last year, it appears that the government's effort to collect from the taxpayers is anemic.

Kern also has the opportunity to show that the amounts sought by the government are exempt from collection under 28 U.S.C. § 3014(a). He has not filed a petition under this statute so far, and the Court will give him an opportunity to do so before approving a writ of continuing garnishment.

The Court finds that the magistrate judge correctly identified the applicable law. The defendant's objections lack merit. However, the Court also has an interest in seeing that the spirit and letter of its judgment is satisfied by all parties to the case. Therefore, the Court will adopt the magistrate judge's recommendation in part and enter a remedial order.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #11] is **ADOPTED IN PART**.

It is further **ORDERED** that the government shall submit a report to the Court and the defendant stating the results of its effort to collect the tax owed from the taxpayers by stating the following: (1) the number of taxpayers whose underpayment contributed to the restitution amount ordered in the judgment of sentence; (2) the number of taxpayers from whom recovery of the tax has been received; (3) the amount collected through the date of the report; (4) the number of taxpayers from whom additional payment is being sought. The report should be filed **on or before February 28, 2011**.

It is further **ORDERED** that if the defendant intends to claim that any of his assets are exempt, he must file an appropriate motion **on or before February 21, 2011**. If no motion is filed, the Court will issue a writ of periodic garnishment after receipt of the government's report.

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Dated:   February 3, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 3, 2011.

                                    s/Deborah R. Tofil  
                                    DEBORAH R. TOFIL