UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 09-50701
                                                Honorable David M. Lawson
v.                                                  Magistrate Judge Paul J. Komives

JAMES W. KERN,

        Defendant,

v.

CURT ANTHONY REDINGER,

        Garnishee Defendant.
_____/

**ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT'S
MOTION TO REVIEW AND MODIFY GARNISHMENT**

    Presently before the Court is a motion by defendant James Kern to review and modify writs of garnishment issued by the Court at the request of the United States to collect a judgment for restitution entered in connection with Kern's conviction for assisting in the preparation of false tax returns in violation of 26 U.S.C. § 7206(2).  Kern operated a tax preparation business and assisted taxpayers employed as state law enforcement personnel in preparing their federal income tax returns. It was alleged that the defendant regularly inflated Schedule A deductions for charitable contributions and Schedule C deductions for unreimbursed travel and other work-related expenses, thereby understating tax liability on the returns.  In many of the cases, the taxpayers were complicit in the misconduct.

    As part of the sentence imposed on October 1, 2007, the Court ordered restitution in the amount of the tax loss of $115,869.  The Court also ordered that the defendant receive credit against

the restitution figure for the amount recovered from the taxpayers, who originally owed the income tax. An amended judgment was entered on November 1, 2007 that was intended to clarify that point. Subsequent litigation resulted in a measure of relief for Kern on that score.

In his current motion, Kern asks for additional relief from an order of periodic garnishment of a debt owed to Kern by a former business partner. The government opposes the motion, which was scheduled for a hearing this afternoon. However, late last week, Kern's attorney informed the Court that the defendant filed for Chapter 7 bankruptcy protection and suggested that the automatic stay provisions in 11 U.S.C. § 362(a) may prevent adjudication of the pending motion.

Under that statute, filing a petition in bankruptcy effectuates a stay "of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced" before the bankruptcy petition was filed. 11 U.S.C. § 362(a)(1). The stay also reaches collection attempts on judgments entered against the debtor. *Id.* § 362(a)(2) & (3). It is true that in this case, Kern's present motion was brought *by* him, not *against* him, and therefore one might observe that the Court may proceed to determine its merits. However, the automatic stay is broadly interpreted and is intended to implement "the bankruptcy goal of equal treatment" of creditors. *Chao v. Hospital Staffing Services, Inc.*, 270 F.3d 374, 382 (6th Cir. 2001); *In re Cheesman*, 25 F.3d 356, 360 (6th Cir. 1994). In applying the stay, the Court must look at the overall object and purpose of the underlying proceeding "to determine whether they are in fact initiated 'against the debtor.'" *Delpit v. C.I.R.*, 18 F.3d 768, 773 (9th Cir. 1994) (citing *In re Bloom*, 875 F.2d 224, 226 (9th Cir.1989).

Kern's present motion addresses the efforts of the United States to collect the restitution judgment against him, which is decidedly a proceeding *against* Kern. The Court believes, therefore,

that the automatic stay precludes further action on the motion unless the stay is lifted. Moreover, since Kern chose to invoke the authority of the bankruptcy court, it is sensible to allow that process take its course, especially in that it will allow a determination of how Kern's assets — one of which is the subject of the garnishment in this case — should be distributed equitably as prescribed by the Bankruptcy Code.

Accordingly, it is **ORDERED** that the defendant's motion to review and modify writs of garnishment [dkt. #27] is **DISMISSED without prejudice**, and the hearing on that motion is **CANCELLED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: September 12, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 12, 2011.

s/Deborah R. Tofil  
DEBORAH R. TOFIL